23 F.3d 404
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Ernest R. WASHINGTON, Petitioner-Appellant,
v.
Ellis B. WRIGHT, Warden; Attorney General of the
Commonwealth of Virginia, Respondents-Appellees.
 No. 93-6474.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 21, 1994.
Decided: May 11, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CA-92-505-R)
 Sa'ad El-Amin, El-Amin & Crawford, P.C., Richmond, Virginia, for Appellant.
 Stephen D. Rosenthal, Attorney General of Virginia, Katherine B. Toone, Assistant Attorney General, Richmond, Virginia, for Appellees.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, MICHAEL, Circuit Judge, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Ernest Washington was convicted of sodomy, burglary, and unlawful wounding in Virginia after a bench trial. After his conviction, Washington brought a habeas corpus petition in the state courts, alleging ineffective assistance of counsel. The petition was denied at the circuit court level and in the Supreme Court of Virginia. Washington then filed his 28 U.S.C. Sec. 2254 (1988) petition in the district court. The court below concluded that defense counsel's assistance was not ineffective and denied the petition. Washington appeals this denial.
 
 
 2
 Washington argues on appeal that the district court erred in finding that trial counsel conducted a reasonable investigation into a possible insanity defense. In presenting a defense based on insanity, counsel has no affirmative duty to shop around for a second expert opinion on the issue of sanity when counsel reasonably relies upon one expert's examination to conclude that no basis for the defense exists. Roach v. Martin, 757 F.2d 1463, 1477 (4th Cir.), cert. denied, 474 U.S. 865 (1985). Neither does counsel have a duty to obtain the opinion of an independent psychiatric expert when he has no reason to doubt the objectivity of the expert relied upon. Jones v. Murray, 947 F.2d 1106, 1112 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3687 (U.S.1992). Here, defense counsel sought out two opinions aside from the court-appointed psychologist's, who testified at trial and introduced the evidence most favorable to Washington. As to the failure to investigate the effect of alcohol on Washington's behavior, counsel is not required to pursue a line of investigation when his own client denies its existence. See Strickland v. Washington, 466 U.S. 668, 691 (1984). We agree with the district court that the conduct of counsel did not fall below the objective standard of reasonableness. Accordingly, we affirm the denial of habeas relief.
 
 
 3
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED